IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWARD C. KNITTEL,

    Plaintiff,

v.                                                                                                      No. 1:17-cv-01027-JDB-egb

JEFF SESSIONS, Attorney General of the
United States, et al.,

    Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

### I.     **Background and Procedural History**

On February 10, 2017, the *pro se* Plaintiff, Edward C. Knittel, filed a complaint against the Defendants, the United States Attorney General and the Commissioner of the Internal Revenue Service ("IRS"), and paid the case-initiation fee. (Docket Entry ("D.E.") 2; D.E. 1.) In light of the IRS's levy on his social security benefits to satisfy his outstanding tax liability, Plaintiff asserted that his constitutional rights under the Seventh Amendment and the Fifth Amendment's Due Process Clause were violated. (D.E. 1 at PageID 2-3.) Under "Relief Requested," Knittel sought for this Court to "direct Defendants to file [a] complaint for forfeiture," or "if Defendants should refuse or neglect to bring this matter forward timely to trial . . . [t]hat this [C]ourt order[] the return of all funds seized by levy based on the underlying notice(s) of lien" and "[t]hat upon [the] principal [sic] of estoppel, this [C]ourt order Defendants to rescind all notices of levy to all parties served with such notices and rescind the underlying notice(s) of lien." (D.E. 1 at PageID 4.)

Pursuant to Administrative Order No. 2013-05, this action was referred to United States Magistrate Judge Edward Bryant on February 13, 2017, for management of all pretrial matters. (Admin. Order 2013-05, Apr. 29, 2013.) On April 24, 2017, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (D.E. 10.) Plaintiff responded on May 4, 2017, (D.E. 12; D.E. 11), and the Government replied on May 17, 2017, (D.E. 13).

In the report and recommendation issued on January 5, 2018, the magistrate judge "recommend[ed] that Defendants' [m]otion to [d]ismiss be granted" and that "Plaintiff's [c]omplaint be dismissed for lack of subject matter jurisdiction with prejudice." (D.E. 15 at PageID 46.) In reaching that conclusion, Judge Bryant noted the Government's three primary arguments: (1) "that Plaintiff's complaint seeking mandamus relief should be dismissed for lack of subject matter jurisdiction because mandamus is inappropriate in this case, as the [D]efendants have no mandatory or ministerial duty to sue the [P]laintiff in district court"; (2) "that to the extent that [P]laintiff seeks a tax refund, 26 U.S.C. § 7422 requires a taxpayer to pay in full the tax owed before seeking a determination from this Court"; and (3) "that suits denominated as a mandamus action that seek to restrain the assessment and collection of taxes are barred by the Anti-Injunction Act, 26 U.S.C. § 7421." (D.E. 15 at PageID 45.) Furthermore, the magistrate judge summarized Knittel's position as follows:

> Plaintiff argues that the only relief he is seeking is a Court order "direct[ing] the defendants to file a complaint for forfeiture without further delay." [(D.E. 11 at PageID 28.)] Plaintiff states that he has "no interest in being the moving party in a refund suit." [(D.E. 12 at PageID 33.)] Plaintiff makes the claim that this Court has jurisdiction to issue the mandamus relief he seeks under 28 U.S.C. § 2463[,] which provides that "[a]ll property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." As Defendants point out in their [r]eply,

>Plaintiff cites to no authority allowing the Court [to] issue an order of mandamus under [S]ection 2463.

(D.E. 15 at PageID 45-46.)

On January 17, 2018, Knittel timely filed objections to the report and recommendation. (D.E. 16.) Defendants did not respond to Plaintiff's filing, and the time for doing so has expired.

## II.   Applicable Law for Reviewing the Magistrate Judge's Report and Recommendation

When objections are filed with respect to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), but "cannot simply 'concur' in the magistrate's findings," *Fharmacy Records v. Nassar*, 465 F. App'x. 448, 456 (6th Cir. 2012) (per curiam) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)). *See also* Fed. R. Civ. P. 72(b)(3). Instead, the district court "must conduct its own review in order to adopt the recommendations." *Fharmacy Records*, 465 F. App'x at 456 (quoting *McCombs*, 395 F.3d at 360).

### III.   Analysis

Upon reviewing the report and recommendation, Plaintiff's objections, and the entire record, the Court finds that Knittel's objections are meritless. (D.E. 16.) As an initial matter, none of Plaintiff's responsive submissions address Defendants' arguments. (D.E. 16; D.E. 12; D.E. 11.) In his objections, Plaintiff reiterates the arguments included in his previous submissions before the magistrate judge. (D.E. 16; *see* D.E. 12; D.E. 11; D.E. 1.) Knittel utilizes the same authorities asserted in his complaint: 28 U.S.C. § 1361, the Mandamus Act, which vests district courts with original jurisdiction to provide mandamus relief; 28 U.S.C. §

3

2463, *see supra* pp. 2-3; 5 U.S.C. § 5512, which authorizes the federal government to withhold the pay of its employees who are in debt to the government; and *Slocum v. Mayberry*, 15 U.S. 1, 9-10 (1817), which discussed a plaintiff's ability to "file an equitable action seeking an order compelling the filing of [a] forfeiture action or return of the seized property," *United States v. Von Neumann*, 474 U.S. 242, 244 n.3 (1986). (D.E. 16; D.E. 12; D.E. 11; D.E. 1.) Plaintiff's reliance on all of these authorities is misplaced, however, as none apply to the circumstances of this case.

Knittel argues repeatedly that the aforementioned statues and case permit him to petition this Court to compel Defendants to file a separate case in which he would receive his income that was withheld due to the IRS's levy. (*Id.*) While he appears to misunderstand that such a ruling is termed as a writ of mandamus, Plaintiff insists that 28 U.S.C. § 2463 provides relief, but the Sixth Circuit has explicitly stated "that section 2463 was not intended to confer jurisdiction on the federal district courts over property levied upon and seized under the Internal Revenue laws." *Lutz v. United States*, 919 F.2d 738, 1990 WL 193066, at *3 (6th Cir. Dec. 6, 1990) (per curiam) (citing *Morris v. United States*, 303 F.2d 533 (1st Cir. 1962), *cert. denied*, 371 U.S. 827 (1962)); (D.E. 16 at PageID 50-51, 53-54; D.E. 12; D.E. 1 at PageID 1, 3). As the magistrate judge correctly reasoned, "contrary to Plaintiff's urging, a writ of mandamus is inappropriate because Defendants have no mandatory duty to sue a taxpayer in district court to recover a tax deficiency." (D.E. 15 at PageID 46 (citing *Martin v. Comm'r*, 584 F. Supp. 977, 979 (N.D. Ohio 1984), *aff'd*, 753 F.2d 1358 (6th Cir. 1985)).)

In contrast, the Sixth Circuit has explained how taxpayers may properly utilize courts to recover from improper taxation:

> A taxpayer may file suit in federal district court for disputed assessments if he has followed the necessary steps established by Congress. Under 28 U.S.C.

4

> § 1346(a)(1)[,] the district court has jurisdiction in a civil action against the United States to recover any internal revenue taxes alleged to have been erroneously or illegally assessed. The claim for refund statute provides the procedure necessary for a taxpayer to file suit in federal district court.
>
> . . . .
>
> The Supreme Court has held that under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness by a suit for refund in district court. *Flora v. United States*, 357 U.S. 63 . . . (1958). In *Flora v. United States*, *supra*, the Court held that if a taxpayer cannot pay the full amount of the deficiency he may litigate in the Tax Court of the United States.
>
> . . . .
>
> . . . Mandamus is an extraordinary remedy that may be granted only when the plaintiff's right thereto is clear and indisputable.

*Martin*, 753 F.2d at 1360 (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980)) (holding that such recovery procedures for "erroneously or illegally assessed" taxes provide due process). Here, should the Court decline to grant mandamus relief, Knittel alternatively requests that the Court order all levied funds to be returned to him. (D.E. 1 at PageID 4.) In accordance with Judge Bryant's findings, "Plaintiff's constitutional claims must also fail. As noted by Defendants, if [P]laintiff wishes to have his case determined by this Court, he must pay the full amount of the tax deficiency and file a claim for refund before he may challenge the correctness of the tax deficiency." (D.E. 15 at Page ID 46 (citing 26 U.S.C. § 7422) (citing *Flora*, 357 U.S. at 75).)

Relatedly, the Tax Anti-Injunction Act protects the Government from tax suits similar to the matter at hand. 26 U.S.C. § 7421. A central purpose of the statute is to protect "the collector from litigation pending a suit for refund." *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir. 1982) (quoting *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 7-8 (1962)).

5

Specifically, "the Anti-Injunction Act precludes relief in the nature of mandamus where plaintiffs have characterized, what is in reality an action for an injunction against the collection of taxes, as a mandamus action." (D.E. 15 at PageID 46 ("Although the plaintiffs attempt to cloak [their] lawsuit as an action in the nature of mandamus[,] the action is actually tantamount to an action for an injunction to restrain . . . an assessment of taxes . . . and therefore falls within the bar of [the Anti–Injunction Act]." (quoting *Dickens*, 671 F.2d at 972)).) Additionally, the federal courts that have analyzed similar facts—plaintiffs contesting their taxes via requesting mandamus relief—in light of the Tax Anti-Injunction Act have all ruled in favor of the government. (*See* D.E. 15 at PageID 47 (citing *Knuckles El-Bey v. United States*, No. 1:08CV151, 2008 WL 3500282, at *4 and n.4 (M.D.N.C. Aug. 11, 2008))); *see generally Gadd v. I.R.S.*, No. C-1-97-553, 1998 WL 760904, at *2 (S.D. Ohio Feb. 23, 1998) (denying a *pro se* plaintiff's action for injunctive relief against the IRS because his petition for a writ of mandamus was meritless and because his claim was barred by the Tax Anti-Injunction Act).

Overall, the magistrate judge's report and recommendation adequately addressed and rejected Knittel's assertions and appropriately analyzed Defendants' arguments. (D.E. 15 at PageID 46-47.) Knittel's objections add no new support to counter Judge Bryant's well-reasoned analysis. (D.E. 16; D.E. 15.)

## IV. Conclusion

In light of the foregoing, the Court hereby ADOPTS the magistrate judge's report and recommendation. (D.E. 15.) Defendants' motion to dismiss is GRANTED, and this matter is DISMISSED with prejudice. (D.E. 10.)

IT IS SO ORDERED this 9th day of February 2018.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE